On Application for Rehearing.
PER OURIAM. In the application for rehearing defendants state:
“That they further represent that there is error to their prejudice made by the trial judge in stating in regard to the testimony of Lincoln Riley, to whose testimony two bills were taken, that this witness had been examined in chief; when, as a matter of fact, this witness was never placed upon the stand by ‘the district attorney until the state had closed its case, and the defendants had closed theirs; whereupon the district attorney then placed this witness, Lincoln Riley, upon the stand, which said Riley was the instigator of the whole affair, and asking questions to which objections wore made.
“The trial judge subsequently admitted, as appears by his letter attached hereto, that it was an unintentional error on his part in stating that this witness (Riley) had been placed on the witness stand in chief, but that he was used in rebuttal by the state.”
It now appears from the letter of the district judge, attached to the application for rehearing, that Riley was not used by the state as a witness in this case, but in rebuttal only. Such proceedings on the part of the state were irregular, and may have been prejudicial to the accused.
In affirming the rulings of the trial court on this point we were guided by the statement of the trial judge that Lincoln Riley had been previously examined in chief, and that he was only permitted to explain his testimony given in chief. The statement to that effect is added to the bill of exceptions before signing, in the following language.
“By the Court: The said question was allowed for the reason that said question was put to the said witness as rebuttal testimony, and for said witness to explain his testimony given in chief.”
A rehearing is ordered.